[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 19, 1991, after a hearing in damages in the above-entitled case, the court (Healey, J.) entered judgment for the plaintiff in the amount of $87,778.39 plus attorney fees of $2,000 and costs. Weekly payments of $500 were ordered. On September 3, 1991, the court ordered an execution on wages after judgment, pursuant to Conn. Gen. Stat. Sec. 52-361a, of twenty-five percent of the defendant's disposable earnings for each week. On January 29, 1992, the defendant filed a motion for modification. A hearing was held on March 2, 1992. At the conclusion of the hearing, the court denied the motion from the bench. Upon further reflection, however, the court concludes that a modification would, in fact, be reasonable. Its decision of March 2, 1992, is vacated sua motu.
The evidence at the hearing shows that the defendant, who is divorced and has three children, is subject to pre-existing court orders in his family case mandating exceptionally heavy alimony and child support payments totalling nearly $1,000 per week. When these orders were entered in 1987 he was earning approximately $330,000 per year. He now earns approximately $100,000 per year (he is a stockbroker) but has never sought a modification of these orders. Between his family orders, taxes, and the wage execution in the instant case he has nothing to live on. It may be that, in an ideal world, his family orders should be modified because of the change in his circumstances and because of the equitable CT Page 2061 consideration that the plaintiff should not, in effect, subsidize his family's lifestyle. But the family case (which is from another judicial district) is not before the court, and it would be inappropriate for the court to weigh the equities of that case under these circumstances. In any event, a court order once entered is binding, and the defendant ought not to be placed in the situation where a court order in this case, however justified, causes him to be in contempt of an earlier court order in the family case.
A modification is granted. The execution on wages shall not exceed ten percent (10%) of the defendant's weekly disposable earnings.
Dated at Waterbury this 3rd day of March, 1992.
JON C. BLUE, JUDGE JUDGE OF THE SUPERIOR COURT